# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH LEWIS, | )<br>) |
| Plaintiff, | ) Case No. 2:14-cv-01683-RFB-GWF<br>) |
| vs. | ) **ORDER**<br>) |
| DELTA AIR LINES, INC., | )<br>) |
| Defendant. | )<br>) |

This matter is before the Court on Plaintiff's failure to comply with this Court's Order Scheduling a Settlement Conference (ECF No. 92). The Court issued an Order to Show Cause (ECF No. 96) on November 18, 2016 instructing Plaintiff to show why sanctions should not be imposed on the basis of his failure to comply with this Court's Order. Plaintiff filed his Response (ECF No. 99) on December 1, 2016. Defendant filed is Opposition (ECF No. 102) on December 15, 2016.

## BACKGROUND

On September 6, 2016, District Judge Richard F. Boulware referred this matter to the undersigned Magistrate Judge for a settlement conference. (ECF No. 90). On September 30, 2016, this Court entered an order scheduling a settlement conference for November 17, 2016. (ECF No. 92). In the order setting the settlement conference, the Court outlined the attendance requirements, one of which ordered all individual parties to be present at the conference. *Id*. None of the parties requested an exception to the attendance requirements. As scheduled, on November 17, 2016, a settlement conference commenced at 9:00 a.m. Plaintiff's counsel, Thatcher Stone, Esq., William Woodrow, Esq. and Richard Segerblom, Esq. were present. In addition, Scott Mahoney, Esq., counsel for Defendant, and Kelly Giustina, representative for Defendant, were present. Plaintiff,

however, failed to appear.  Plaintiff's counsel were unable to provide any explanation, let alone justification, for Plaintiff's failure to appear.  They, in fact, were surprised by his nonappearance. After meeting with Plaintiff's counsel and with Defendant, the parties did not reach a settlement and settlement discussions concluded at 12:00 p.m.  (*See* ECF No. 95).

## **DISCUSSION**

Parties and attorneys are required to follow pretrial orders. *See* Fed. R. Civ. P. 16(f). "Violations of Rule 16 are neither technical nor trivial, but involve a matter most critical to the court itself: management of its docket and the avoidance of unnecessary delays in the administration of its cases." *Robles v. APEX Linen LLC*, 2015 WL 5785499, at *2 (D. Nev. Oct. 1, 2015)(quoting *Martin Family Trust v. Heco/Nostalgia Enter. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999). Rule 16(f) provides that the Court "must order the party, its attorney, or both to pay the reasonable expenses - including attorney's fees – incurred because of any noncompliance with this rule. . ." Fed. R. Civ. P. 16(f)(2).  Similar to Rule 16(f), this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on an attorney or party" that fails to comply with any order of this court.  Local Rule IA 11-8.  The Ninth Circuit has repeatedly upheld sanctions imposed for failing to comply with orders regarding settlement conferences. *See, e.g., Lucas Auto Eng'g, Inc. V. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (affirming sanctions for failure to attend mediation with appropriate representative); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993) (affirming sanctions for failure to comply with order to have representative with settlement authority available by telephone during settlement conference); *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanctions for attorney who failed to appear at scheduled settlement conference).

The Court finds that sanctions are appropriate here.  Without Plaintiff's presence at the settlement conference, the Court could not have a meaningful discussion regarding the merits of Plaintiff's claims.  In his response to the Court's Order to Show Cause, Plaintiff asserts that he had "no good reason to explain his absence at the Settlement Conference." *Response* (ECF No. 99), pg. 2.  Since Plaintiff failed to justify his absence, the Court will impose sanctions on Plaintiff in the amount of Defendant's reasonable attorney's fees and costs in preparing for and attending the

settlement conference.

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Defendant Delta Airlines requests $14,332.50 in attorney's fees based on 35 hours of work in preparing for and attending the settlement conference. That amount is based on work performed by Scott Mahoney, Esq. at an hourly rate of $485, reduced to $409.50 for Defendant. These fees are broken down as follows: $10,647.00 for 26 hours spent preparing Defendant's confidential settlement conference statement; $2,620.80 for 6.4 hours spent preparing for the settlement conference; and $1,064.70 for 2.6 hours spent attending the settlement conference and preparing Defendant's representative, Kelly Giustina. Upon review of Defendant's counsel's affidavit, the Court will not award fees for the time spent preparing Defendant's settlement conference statement. However, the Court does find that the remaining 9 hours billed at an hourly rate of $409.50, which were spent preparing for and attending the settlement conference were reasonable and should be recovered by Defendant as a result of Plaintiff's failure to attend the conference. The Court will therefore award Defendant reasonable attorney's fees in the amount of $3,685.50. Defendant also requests

reimbursement of costs in the amount of $971.08 associated with the non-airline travel expenses incurred by Defendant's representative in attending the settlement conference. The costs include hotel, taxis, and meals. The Court finds that Defendant's request is reasonable and will therefore award Defendant a total of $971.08 in costs.

Thus, based on the reasonable hourly rate discussed above, the Court will award attorney's fees in the amount of $3,685.50 and costs in the amount of $971.08 for a total of $4,656.58. The relevant factors are subsumed in this calculation of the reasonable attorney's fees and costs, and there are no other exception circumstances which warrant enhancement or reduction of the fees. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall pay Defendant the total sum of $4,656.58. Plaintiff is ordered to make the payment to Defendant by **January 31, 2016**.

DATED this 28th day of December, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge